## In re EASTERN BANCORPORATION, Debtor.

### Bankruptcy No. 80–02962G.

United States Bankruptcy Court, E. D. Pennsylvania.

July 2, 1981.

---

James A. Hartz, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for debtor, Eastern Bancorporation.

Paul R. Rosen, Spector, Cohen, Gadon & Rosen, P.C., Philadelphia, Pa., for former officers, directors and stockholders of Eastern Bancorporation.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The problem confronting us arises on an application of the debtor for an order permitting it to submit additional evidence on the issue, presently before us, of whether we should direct the debtor to produce a document allegedly protected by the attorney-client privilege. We conclude that the debtor should be permitted to submit such additional evidence on that issue.

The facts are briefly: Eastern Bancorporation ("the debtor") filed a petition for a reorganization under chapter 11 of the Bankruptcy Code ("the Code") on November 12, 1980. Thereafter, on November 26, a motion to dismiss that petition was filed by persons purporting to be the former officers, directors and stockholders ("the former officers") of the debtor. Since that time extensive discovery has been conducted on the issues raised in that motion, a

pre-trial conference has been held and a briefing schedule has been set up.

At the pre-trial conference the former officers moved for an order directing the debtor's attorney to produce two pages which had been redacted from a memorandum which had been produced during discovery. The debtor's counsel refused to produce the two pages, asserting that they were protected by the attorney-client privilege. The former officers asserted that the memorandum was not subject to that privilege because it had previously been given to a third party, one Edward McErlane ("McErlane"). The debtor argued that McErlane was not a third party but was, instead, an agent of First Pennsylvania Bank ("the bank") whose attorney had prepared the memorandum.

The former officers contend that the deposition of McErlane, which had been taken earlier, would indicate which of the above two positions was correct. After a review of the deposition, we are unable to determine when McErlane became an agent of the bank—whether before or after the memorandum was given to him. Accordingly, since that material issue was unclear and because the memorandum deals with issues relevant to the motion to dismiss, we felt inclined to order the production of the memorandum.

Thereafter, the debtor filed the instant application for permission to present more evidence on the issue of when McErlane became the bank's agent. The former officers filed a response to that application asserting various reasons why the application should be denied. We find none of the grounds stated in that response to be meritorious and will, therefore, grant the application.

The first ground stated in the response is that if further deposition testimony of McErlane is taken, it will necessitate further depositions of other persons and further discovery which will relate to the issue which is presently being briefed by the parties. We are unimpressed by that argument. The further deposition of McErlane

can be limited to the specific issue before us—i. e., when did McErlane become an agent of the bank,—without going into the other issues on which discovery has already been taken and on which briefs are being prepared. Furthermore, even if the deposition of McErlane does establish that a further deposition of Thomas Doyle is required (another person to whom the memorandum was given by the bank),[1] that deposition can be limited in the same manner as the deposition of McErlane is being limited. Thus, the further depositions to be conducted pursuant to the debtor's application will not, in our opinion, result in the opening of all issues for renewed discovery as is asserted in the response of the former officers.

That response states as a second ground for denial of the former officers' request that if that application is granted the former officers would have to renew their motion to disqualify the counsel for the debtor and would object to that attorney appearing at any hearing before us on this case. We find that argument without merit for two reasons: Firstly, we do not foresee that a hearing will be necessary on this issue since we believe that it can be resolved by the submission of the further deposition of McErlane (and/or Doyle). Secondly, we have previously held (see our opinion filed May 19, 1981) that neither of the attorneys involved in the instant case should be disqualified under present circumstances. No additional evidence has been produced which would cause us to change that opinion.

A further argument stated in the response to the application, although not a ground for denying that application, appears to us to make a reasonable request. The former officers state that in the original deposition of McErlane their attorney requested the production of McErlane's diary and the bills sent to McErlane by his attorneys (the same law firm that repre-

sents the bank). The former officers assert that from those documents they will be able to determine on what dates McErlane met with representatives of the bank with respect to his acting as its agent. We agree that those documents may be relevant to the issue at bench and there appears to be no reason why those documents should not be produced. Therefore, absent any objection, we will order their production.

---

1. The former officers asserted in their response that Doyle, like McErlane, was a third party to whom the memorandum was given by the bank thus destroying the attorney-client privilege as well. However, that was not so asserted at the pre-trial conference in support of the request for production of the memorandum. Even if that were so asserted, though, Doyle's deposition could also be taken on the limited issue of whether and when he became the bank's agent and whether that happened before of after he was given the memorandum.