**In re EASTERN BANCORPORATION, Debtor.**

**Bankruptcy No. 80–02962G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

April 6, 1982.

William A. Harvey, David Earle Power, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for debtor, Eastern Bancorporation and First Pennsylvania Bank.

Patricia Chanson Pipitone, Spector, Cohen, Gadon & Rosen, Philadelphia, Pa., for purported former officers of Eastern Bancorporation, debtor.

### OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether we should direct the production of a document which

---

4. Id. at p. 72.

5. Plaintiff's Motion for Amendment, filed May 22, 1981, at ¶ 4.

6. Deposition of J. D. Sullivan, Feb. 11, 1981, at pp. 9–10.

is claimed to be privileged. We conclude that we should because whatever privilege there was with respect to the document was waived when the party asserting the privilege gave copies of the document to third parties.

The facts of this case are as follows:[1] On November 12, 1980, Eastern Bancorporation ("the debtor") filed a petition for a reorganization under chapter 11 of the Bankruptcy Code ("the Code"). Subsequently, on November 26, 1980, a motion to dismiss that petition was filed by persons purporting to be the former officers, directors and stockholders ("the former officers") of the debtor. Since that time extensive discovery has been conducted on the issues raised in the motion. At a conference held on this matter, the former officers moved for an order directing the debtor's counsel to produce two pages which had been redacted from a document which had been produced during discovery. The debtor's counsel refused to produce the two pages asserting that they were protected by the attorney-client privilege because the document was a memorandum between employees of First Pennsylvania Bank ("the bank") which instrument apparently summarized certain privileged communications between the bank and its counsel.[2]

The former officers, however, contended that the attorney-client privilege had been waived as to the writing in question because that document had been shown to a third party, one Edward McErlean ("McErlean"). The debtor's counsel responded that, at the time the document was shown to McErlean, he was acting as an agent of the bank and, therefore, the attorney-client privilege had not been waived with respect to that document.

Because the evidence before us did not clearly show when McErlean became an agent of the bank (whether before or after the document was shown to him), we initially ordered that the document be produced. However, we granted the debtor's application for an opportunity to offer additional evidence on this issue.[3] Since that time, the parties have taken and submitted to the court the depositions of McErlean and of Thomas Doyle (another person to whom the document was shown and whose position was similar to McErlean).

From a review of those depositions, we find that at the time that copies of the document in question were shown to McErlean and to Doyle neither of them had agreed to act as the bank's agent.[4] Consequently, we conclude that the attorney-client privilege as to that document was waived.[5] We will, therefore, direct that the debtor's attorney produce that document in full pursuant to the motion of the former officers.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Counsel for the debtor (Fellheimer, Eichen and Goodman) is also counsel for the bank which is allegedly a majority shareholder of the debtor.

3. *See* our opinion and order of July 2, 1981, in this case, 12 B.R. 426 (Bkrtcy.).

4. According to their depositions, Doyle and McErlean were each given a copy of the document on October 20, 1980, when they were asked to act as the bank's agents. However, both testified that they did not agree to act as agents for the bank until several days *after* that meeting. *See* Doyle deposition at 11–14; McErlean deposition at 19 and 20 (October 19, 1981).

5. *See, e.g., In re Penn Central Commercial Paper Litigation*, 61 F.R.D. 453 (S.D.N.Y.1972). *See, generally,* 2 Weinstein's Evidence ¶ 503(a)(4)[01] (1981) (ordinarily the disclosure of a privileged communication to a third party contradicts the confidentiality which is at the heart of the privilege). *See also,* 4 Moore's Federal Practice ¶ 26.60[2] (2d ed. 1981).